# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MARGARET E. WRIGHT,
           Appellant,

    v.

OFFICE OF PERSONNEL
   MANAGEMENT,
           Agency.

DOCKET NUMBER
AT-0831-19-0179-A-1

DATE: May 30, 2024

Vicki J. Bowers, Jacksonville, Florida, for the appellant.

Cynthia Reinhold and Michael Shipley, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Chairman Harris issues a separate opinion.
Vice Chairman Limon issues a separate opinion.

**ORDER**

The appellant has filed a petition for review of the addendum initial decision, which denied her petition for attorney fees. The two Board members cannot agree on the disposition of the petition for review. Therefore, the addendum initial decision now becomes the final decision of the Merit Systems Protection Board on the issue of attorney fees. Title 5 of the Code of Federal Regulations, section 1200.3(b) (5 C.F.R. § 1200.3(b)). This decision shall not be considered as precedent by the Board in any other case. 5 C.F.R. § 1200.3(d).

**NOTICE OF APPEAL RIGHTS**[1]

You may obtain review of the final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of the final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[1] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of the final decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[2] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[2] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/
                                        Gina K. Grippando
                                        Clerk of the Board

Washington, D.C.

SEPARATE OPINION OF CATHY A. HARRIS

in

*Margaret E. Wright v. Office of Personnel Management*

MSPB Docket No. AT-0831-19-0179-A-1

For the following reasons, I would grant the appellant's motion for attorney fees.

The appellant is the surviving spouse of a Civil Service Retirement System annuitant. *Wright v. Office of Personnel Management*, MSPB Docket No. AT-0831-19-0179-I-1, Initial Appeal File (IAF), Tab 5 at 23, 29-30, 32. The appellant's husband retired in 2005 and elected a maximum survivor annuity in favor of the appellant. *Id.* at 32-35. The couple divorced in 2010, but remarried each other in 2015. *Id.* at 29-30, 39-44. Throughout this entire time, the appellant's husband continued to receive a reduced annuity. *Id.* at 23-24. When her husband passed away in 2016, the appellant applied for a survivor annuity. *Id.* at 25-28.

The Office of Personnel Management (OPM) issued a final decision denying the appellant's application. OPM found that the 2010 divorce extinguished the 2005 survivor annuity election, and the appellant's husband never made further provision for a survivor annuity, either in the divorce decree or by a new election. *Id.* at 5-7. On appeal, the administrative judge reversed OPM's final decision and ordered OPM to grant the appellant's application on the basis that OPM failed to show that it satisfied its statutory notice obligation for both of the relevant time periods. IAF, Tab 14, Initial Decision (ID); *see* 5 U.S.C. § 8339 note (Annual Notice to Annuitant of Rights of Election Under

Subsecs. (j) and (k)(2) of this Section).[1]  The initial decision became final when neither party petitioned for review.  *See* 5 C.F.R. § 1201.113.

The appellant filed a motion for attorney fees.  *Wright v. Office of Personnel Management*, MSPB Docket No. AT-0831-19-0179-A-1, Attorney Fee File (AFF), Tab 1.  After the record closed, the administrative judge issued an addendum initial decision denying the appellant's request on the basis that fees were not warranted in the interests of justice.  AFF, Tab 8, Addendum Initial Decision (AID).  The appellant has filed a petition for review, the agency has replied to the petition for review, and the appellant has filed a reply to the agency's response.  Petition for Review (PFR) File, Tabs 1, 4-5.

To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that:  (1) she was  the  prevailing party; (2) she incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is warranted in the interest of justice; and (4) the amount of fees claimed is reasonable.  *Hart v. Department of Transportation*, 115 M.S.P.R. 10, ¶ 13 (2010).  In this case, the administrative judge found that the appellant was the prevailing party in the appeal and that she incurred attorney fees pursuant to an existing attorney-client relationship.  AID at 4.  The agency does not challenge these findings, and for the reasons explained in the addendum initial

---

[1] Within 2 years of a post-retirement divorce, an annuitant may elect to provide a survivor annuity for his former spouse.  5 U.S.C. § 8339(j)(3).  Within 2 years of a post-retirement remarriage, an annuitant may elect to provide a survivor annuity for his current spouse.  5 U.S.C.§ 8339(j)(5)(C)(i).  The statutory notice obligation requires OPM to inform each annuitant annually of the requirements under 5 U.S.C. § 8339(j) for electing a survivor annuity benefit.  *Brush v. Office of Personnel Management*, 982 F.2d 1554, 1559-60 (Fed. Cir. 1992).  If OPM fails to show both that it actually sent the notice during the relevant time period and that the notice was substantively adequate, then the annuitant's manifest intent to provide a survivor annuity will be sufficient to award such an annuity even absent a timely election.  *See Vallee v. Office of Personnel Management*, 58 F.3d 613, 615-16 (Fed. Cir. 1995).

decision, we agree. Therefore, the only issues in this case are whether attorney fees are warranted in the interest of justice, and if so, whether the amount of fees claimed is reasonable.

An attorney fee award by the Board may be warranted in the interest of justice when, for example: (1) the agency engaged in a prohibited personnel practice; (2) the agency action was clearly without merit or wholly unfounded, or the employee was substantially innocent of the charges; (3) the agency initiated the action in bad faith; (4) the agency committed a gross procedural error; or (5) the agency knew or should have known that it would not prevail on the merits. *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980). "[T]he Board is accorded substantial discretion in determining when an award is warranted." *Id.* at 433. In this case, the appellant argued that fees were warranted in the interest of justice under *Allen* categories 2 (clearly without merit or wholly unfounded) and 5 (the agency knew or should have known that it would not prevail). AFF, Tab 7 at 4-6. Regarding *Allen* category 2, the administrative judge found that OPM's decision was not clearly without merit or wholly unfounded, and for the reasons explained in the addendum initial decision, I agree. AID at 7. Regarding *Allen* category 5, the administrative judge found that the appellant failed to prove that OPM knew or should have known at the time it issued its final decision that it would not prevail on the merits. ID at 4-7. I agree with the administrative judge's analysis of *Allen* category 5 as far as it goes. However, for the reasons explained below, I would find that the administrative judge took too narrow a view of this category.

Based on a careful analysis of the legislative history of 5 U.S.C. § 7701(g)(1), the Board in *Allen* formulated a list of circumstances, viz. the five "*Allen* categories," to serve as a guide for determining whether the interest of justice standard has been met in a given case. 2 M.S.P.R. at 428-35. The fifth category is most relevant to the instant appeal and provides that fees may be warranted in the interest of justice "[w]here the agency 'knew or should have

known that it would not prevail on the merits' when it brought the proceeding." *Allen*, 2 M.S.P.R. at 435 (quoting Senator Mathias, Transcript of Senate Committee on Governmental Affairs' Mark-up Session on S. 2640, 95th Cong., 2d Sess., 124 (1978)). Because the main text of the *Allen* decision discusses the circumstances that existed "when [the agency] brought the proceeding," the administrative judge focused his analysis on the information known or readily available to OPM at the time it issued its final decision. AID at 4-7. Nevertheless, the Board in *Allen* explicitly noted that category 5 "may include circumstances in which the agency prepared or presented its case so negligently as to make it a foregone conclusion that the action could not be sustained on the record established before the Board." 2 M.S.P.R. at 435 n.37. Such circumstances are present here. The Board has never explicitly found that the *Allen* footnote does not apply to OPM, and I believe that it should apply, particularly in these circumstances.

An appellant seeking retirement benefits bears the burden of proving entitlement to those benefits by preponderant evidence. *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986); 5 C.F.R. § 1201.56(a). Apart from providing the standard agency response required under 5 C.F.R. § 1201.25, essentially all that OPM had to do to prevail in this appeal was file copies of the annual election notices that it sent to all annuitants in the 2 years following the 2010 divorce and the 2 years following the 2015 remarriage, along with a sworn statement that the notices were sent.[2] OPM's response file contained evidence sufficient to show that it sent election notices to all annuitants on its rolls every December during the relevant time period. ID at 5; IAF, Tab 5 at 21-22. OPM's response file also contains a copy of its

---

[2] This assumes that OPM's 2010 and 2011 notices were sufficient to notify annuitants of their election rights. If this assumption is incorrect, then this case would still fall under *Allen* category 5 on the basis that OPM knew or should have known that it would not prevail before the Board.

December 2015 election notice, which was substantively sufficient to satisfy the notice requirements of 5 U.S.C. § 8339.[3]  ID at 5; IAF, Tab 5 at 8-10.  However, the agency file did not contain copies of the election notices that it mailed in 2010 and 2011.  At the prehearing conference, the administrative judge explicitly informed OPM that the annual notices would be an issue, and he specifically told OPM that it needed to file copies of the annual notices for the 2 years following the 2010 divorce.  IAF, Tab 9 at 3-4 & n.1.  This notice went beyond that which an agency can normally expect to receive in a Board appeal, but OPM still neglected to file the evidence that the administrative judge identified.  The Board has found, in similar circumstances, that attorney fees were warranted in the interest of justice.  *See e.g.*, *Cox v. U.S. International Trade Commission*, 15 M.S.P.R. 455, 460 (1983) (finding fees in the interest of justice when, in a restoration appeal, the agency relied on a provision of the Federal Personnel Manual that did not actually exist and which the Board had rejected); *Compton v. Department of Energy*, 9 M.S.P.R. 450, 451-52 (1982) (finding fees in the interest of justice when the agency failed to provide any evidence that the reduction in force competitive area designated for the appellant was one "in which employees are assigned under a single administrative authority," as required under 5 C.F.R. § 351.402(b)).  As the Board stated in *Trowell v. U.S. Postal Service*:

> If an agency is not prepared to take a[n] action seriously enough to present its case with at least a minimal degree of competence, then in the interest of justice to all concerned it should not initiate the action to begin with.  The interest of justice does not warrant the imposition on appellants of the legal costs of such an unnecessary and unjustified burden.

2 M.S.P.R. 600, 603 (1980).

---

[3] The appellant's husband passed away in August 2016, which was before the 2016 election notice would have been sent, so the contents of that notice are immaterial.  IAF, Tab 5 at 25.

For these reasons, I would find that attorney fees are warranted in the interest of justice and remand for the administrative judge to determine the appropriate amount of fees to award.


_____/s/_____
Cathy A. Harris
Chairman

in

*Margaret E. Wright v. Office of Personnel Management*

MSPB Docket No. AT-0831-19-0179-A-1

The key issue in this case is whether the appellant, who prevailed in her retirement appeal, has shown that attorney fees are warranted in the interest of justice under *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 434-35 (1980). Category 5 of *Allen*, which is most applicable here, provides that attorney fees are warranted in the interest of justice if the agency knew or should have known that it would not prevail on the merits when it brought the proceeding. *Id.* at 435.

The Board has approached the "knew or should have known" question in retirement cases differently from the way it has addressed that inquiry in adverse action cases, taking into account the fact that the *Allen* categories were developed within the context of an adverse action appeal. *See Simmons v. Office of Personnel Management*, 31 M.S.P.R. 559, 564-65 (1986). Moreover, it is the appellant, rather than the agency, who initiates the proceedings in the retirement context and who submits most of the record evidence in the employee-initiated application for retirement. *Id.* at 566; *see Kent v. Office of Personnel Management*, 33 M.S.P.R. 361, 366-67 (1987). Thus, the Board has long held that it looks at the evidence that was before the Office of Personnel Management (OPM) when it made its decision in determining whether OPM knew or should have known that it would not prevail on the merits in a Board appeal, and that it is "concerned with the nature and the weight of evidence provided by an appellant to OPM to establish his entitlement to a retirement annuity, as well as OPM's evaluation of that evidence." *Kent*, 33 M.S.P.R. at 367; *see, e.g., Holmes v. Office of Personnel Management*, 99 M.S.P.R. 330, ¶ 9 (2005). In determining whether an award is warranted under this category, the Board will consider

whether OPM was negligent in processing the application, lacked a reasonable or supportable explanation for its position, or ignored clear, unrebutted evidence that the appellant satisfied the criteria for a benefit. *Holmes*, 99 M.S.P.R. 330, ¶ 9.

Here, the administrative judge reversed OPM's decision on the merits based upon a finding that, when the case was being adjudicated before the Board, OPM did not submit into the record a copy of the 2010-11 notices it had sent to the decedent, and thus was unable to prove that the content of those notices was adequate to inform the decedent of the election requirements. The notice that OPM did submit from 2015 was deemed not sufficient as to the earlier notices because the form on which the 2015 notice was printed indicated that it had been revised in 2015. Despite this finding on the merits, the administrative judge denied the appellant's motion for attorney fees. I would affirm the addendum initial decision.

As found by the administrative judge, OPM had a reasonable and supportable basis for denying the appellant's application for a survivor annuity because the divorce decree did not provide for one and the decedent did not elect such an annuity, either within 2 years after his divorce or within 2 years after his remarriage. As the administrative judge further noted, the appellant never argued before OPM in her request for reconsideration that the decedent had failed to make such an election because he did not receive adequate notice of the election requirements. OPM, therefore, did not have a basis to look into its notices when it issued its final decision. Under these circumstances, I agree with the administrative judge that OPM was not negligent in processing the retirement application, nor did it lack a reasonable or supportable explanation for denying the application or ignore clear, unrebutted evidence that the appellant satisfied the criteria for a benefit.

Even assuming that all of the statements set forth in *Allen* apply equally to retirement cases, this case does not present a situation in which OPM prepared or

presented its case so negligently as to make it a foregone conclusion that the action could not be sustained on the record established before the Board. *See Allen*, 2 M.S.P.R. at 435 n.37. Cases awarding fees on that basis in the adverse action context have involved situations in which the agency utterly failed to provide any evidence in support of its action or provided "extremely little evidence" in support of its action. *Compton v. Department of Energy*, 9 M.S.P.R. 450, 451-52 (1982); *see, e.g.*, *Trowell v. U.S. Postal Service*, 2 M.S.P.R. 600, 601-02 (1980). By contrast, the Board has found that fees are not warranted in the interest of justice under this standard when an agency met part of its burden of proof but not all of it, or presented evidence in support of its charges but that evidence was found to be lacking in probative value when compared with the appellant's presentation. *See, e.g.*, *Anderson v. Department of Health and Human Services*, 25 M.S.P.R. 33, 35 (1984); *Borninkhof v. Department of Justice*, 11 M.S.P.R. 177, 179 (1982).

Here, as found by the administrative judge, the agency established that it sent out notices to the decedent during both relevant periods, and that the notice for the second period was adequate. But OPM did not provide the actual notice for the first period, so the administrative judge found that its adequacy could not be determined. That, together with the appellant's proof that the decedent intended to continue the survivor annuity, was enough to satisfy the appellant's burden of proof as to entitlement to the survivor annuity. Any failure by OPM here, even if an adverse-action type analysis is applied, is more similar to the situations that the Board addressed in *Anderson* and *Borninkhof* than the total failure or bad faith scenarios in *Compton* and *Trowell*. OPM did not, therefore, act so negligently as to make it a foregone conclusion that its action could not be sustained.

Accordingly, I agree with the administrative judge that fees are not warranted under the "knew or should have known" category contemplated in *Allen*.


_____/s/_____
Raymond A. Limon
Vice Chairman